EDWARD GALLIGAN *vs.* PATRICK FANNAN.

If a defendant files a set-off, under the provisions of Gen. Sts. c. 130, the plaintiff, in answer to the declaration in set-off, may in his turn file a set-off to the defendant's demands.

CONTRACT. The defendant filed an answer and a declaration in set-off. The plaintiff filed an answer to the defendant's declaration in set-off, averring that the defendant was indebted to him in the sum of one thousand dollars, for a cause not set forth in his original declaration. At the trial in the superior court, *Brigham*, J. refused to hear any evidence in support of the plaintiff's declaration in set-off, and ruled that the plaintiff had no legal right to file and prosecute the same, and the court no discretion to allow the same to be filed and prosecuted. The jury returned a verdict for the defendant, with damages, and the plaintiff alleged exceptions.

*C. I. Reed,* for the plaintiff.

*E. H. Bennett,* for the defendant, cited *Ulrich* v. *Berger,* 4 Watts & S. 19; *Gable* v. *Parry,* 13 Penn. State R. 181; *Dawson* v. *Dillon,* 26 Missouri, 395.

HOAR, J. The single question which this case presents is, whether a plaintiff can file a set-off to a set-off filed by a defendant; and it depends wholly upon the construction given to the statute provisions upon the subject. Gen. Sts. *c.* 130, §§ 1–21.

The first section is as follows: " When there are mutual debts or demands between the plaintiff and defendant in an action, one demand may be set off against the other, as provided in this chapter." Sections 2 to 15 contain provisions respecting the cases in which a set-off may be allowed, and the kind of claims or demands which are the subject of set-off. Section 16 provides that " when the defendant relies on a claim by way of set-off, he shall file with his answer a declaration, entitling it a declaration in set-off, and adapted to the claim in like manner as though an action were brought upon it." Thus far all the sections, except the first, speak only of a set-off filed by the defendant; and although the language of the first section is broad enough to include all mutual demands, held by either party against the other, yet there is nothing to show that any set-off was contemplated other than one filed by the defendant. The 17th section relates to the subsequent proceedings, and it is upon this that the plaintiff relies. It is as follows: " The subsequent allegations and pleadings respecting the defendant's demand shall be governed by the same rules as if an action had been brought thereon ; and the plaintiff shall be entitled to every ground of defence against it of which he might have availed himself by an answer or otherwise in an action brought against him."

The terms of this section are obviously broad enough to include a set-off by the plaintiff to the defendant's set-off. If an action had been brought upon the defendant's demand, the plaintiff, as the defendant in that action, would have had the right to file a set-off; and among the " allegations and pleadings " a declaration in set-off would have place. Such a set-off

would constitute a good "ground of defence" to an action brought against him.

The argument against allowing it does not rest upon any express language of the statute, but rather upon the want of any explicit and distinct recognition of such a right in a plaintiff, and upon the various inconveniences which would attend the exercise of it. But giving all the weight to the *argumentum ab inconvenienti* to which it is entitled, we think the considerations on the other side are more decisive. It is urged that, if the plaintiff may file a set-off, the defendant may again file a new one to meet it; to which the plaintiff will again have the right of reply, and so on indefinitely. But what objection is there to such a course of proceeding? The object is to settle the mutual demands of the parties in a single action, and this will be effectuated as well if they are brought into the suit in succession as if they were set forth at once. When the pleadings are closed, each party will prove his demands in the same manner as if the plaintiff had declared originally on several causes of action, and the defendant had replied with several items of set-off.

The objection that new demands, not embraced in the original suit, may thus be made the subject of the final judgment, and to an unlimited amount, even exceeding the *ad damnum* of the writ, is of no greater force than it has against the set-off allowed to the defendant. He may recover judgment against the plaintiff upon his set-off to an amount limited only by the jurisdiction of the court; and he has certainly no ground of complaint when, by his own election, the suit which was at first brought upon a specific demand is enlarged for the purpose of settlement of all the demands between the parties.

The effect upon attachments made in the suit may present more difficulties. But, as between the parties, there seems to be no reason why they should be affected at all ; and it is not now necessary to consider the consequences in relation to the rights of third persons.

On the other hand, if the plaintiff had no right to file a set-off, the defendant would gain an unequal, and, in some cases

an unjust advantage. The defendant has the right to join in his set-off demands which could not have been joined in an action in which he was plaintiff; demands assigned to him before the action was brought, with notice to the plaintiff; demands against the person for whose use the action is brought, who is not the plaintiff; and the like. Such demands a plaintiff could not join in his suit when he commenced it. But still more prejudicial to a plaintiff might be the operation of section 18, under which, if the plaintiff pleads the statute of limitations to any part of the defendant's set-off, the limitation will apply only in like manner as if the defendant had brought an action upon the demand at the time when the plaintiff's action was commenced. The effect of the limitation might thus be prevented in favor of the defendant, while claims of the plaintiff, standing upon the same footing, would be barred.

We are therefore of opinion that to allow a plaintiff to file a set-off in reply to a set-off on which the defendant relies, is not only permitted by the letter of the statutes, but that such a construction is most conformable to the spirit and intention of their provisions. *Exceptions sustained.*